UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

OPTEUM FINANCIAL SERVICES, :
LLC, f/k/a HOMESTAR
MORTGAGE SERVICES, LLC, :

    Plaintiff, :

                              CIVIL ACTION NO.

v. :

                              1:05-CV-02073-MHS

KEITH SPAIN and MARKET :
STREET MORTGAGE
CORPORATION, :

    Defendants. :

## ORDER

Presently before the Court are defendant Market Street Mortgage Corporation's and defendant Keith Spain's motions for partial judgment on the pleadings.  The Court's reasoning and conclusions are set forth below.

Background

Beginning on or around May 1, 2003, defendant Keith Spain ("Spain") was employed by plaintiff Opteum Financial Services, LLC, as a loan officer. Spain signed an employment agreement containing a non-disclosure clause and an employee acknowledgment form whereby he acknowledged that he read and understood plaintiff's written policies on confidentiality.

In May of 2005, plaintiff had approved and underwritten loans for nine customers. Plaintiff's loan files and computerized loan-in-process system contained confidential information related to the loan applications for these nine customers.

Plaintiff alleges that on May 15, 2005, Spain deleted loan information from plaintiff's computer system relating to each of the nine customers, took one of the original customer loan files, and made copies of the remaining customer loan files to take with him. On May 16, 2005, Spain resigned from his position with plaintiff effective immediately.

Plaintiff alleges that Spain brought the original and copied loan files to Market Street Mortgage Corporation ("Market Street") where he is employed as a loan officer. Plaintiff contends that Spain and Market Street used plaintiff's confidential information in the loan files in order to negotiate loans for the nine customers. Plaintiff claims that Market Street and Spain have refused to return or refrain from using plaintiff's confidential information and that Market Street has used plaintiff's loan files to help it underwrite and close loans for the nine customers.

2

Plaintiff brought suit against both Spain and Market Street alleging the following claims: violations of the Georgia Trade Secrets Act ("GTSA"), O.C.G.A. § 10-1-760 et seq., conversion, misappropriation of personal property, unjust enrichment, quantum meruit, attorneys' fees, and punitive damages.  Plaintiff makes the following additional claims against Spain individually: breach of contract and civil theft.  Each defendant has now moved for judgment on the pleadings.

Discussion

Pursuant to Fed. R. Civ. P. 12(c), judgment on the pleadings is appropriate when there are no material facts in dispute and the movant is entitled to judgment as a matter of law.  The Court views the facts "in the light most favorable to the nonmoving party" and will grant the motion only if the nonmovant "can prove no set of facts which would allow it to prevail." Palmer & Cay, Inc. v. Marsh & McLennan Companies, 404 F.3d 1297, 1303 (11th Cir. 2005).

Defendants argue that plaintiff's claims of conversion, unjust enrichment, and quantum meruit are superseded by the GTSA, and Spain argues that plaintiff's claim against him individually for civil theft is also

3

superseded by the GTSA.  Defendants aver that even if the information does
not rise to the level of trade secrets, plaintiff's claims still fail.  Spain also
contends that plaintiff's claim against him for breach of contract fails to state
a claim because the non-disclosure covenant is unenforceable as it lacks a
durational limitation.  Finally, defendants aver that plaintiff's claim of
misappropriation of personal property is merely a restatement of its claim for
conversion and does not stand as a separate cause of action.

Plaintiff argues in response that whether the information rises to the
level of trade secrets is a disputed issue of fact and therefore judgment on the
pleadings is inappropriate.  Plaintiff contends its claims for conversion,
misappropriation, unjust enrichment, quantum merit, and civil theft are
properly pled as alternative claims and provide alternate remedies even if the
information does not rise to the level of trade secrets.  Plaintiff avers that its
claim for breach of contract against Spain is proper because non-disclosure
convenants without durational restrictions are enforceable to protect
information that is a trade secret or tangible property.  In addition, plaintiff
contends that the extra-contractual claims of tort, quasi-contract, and civil
theft stand on their own and do not succeed or fail with the contract claim.
Finally, plaintiff argues that Georgia courts have routinely allowed claims for

4

conversion and misappropriation to proceed simultaneously and that these claims are not duplicative but distinct.

The Court can determine whether the GTSA supersedes plaintiff's common law claims on a motion for judgment on the pleadings even though the issue of whether the information qualifies as trade secrets under the GTSA remains disputed and unresolved. Bliss Clearing Niagara, Inc. v. Midwest Brake Bond Co., 270 F. Supp. 2d 943, 948-49 (W.D. Mich. 2003) (where defendant moved for judgment on the pleadings arguing preemption of plaintiff's common law claims under the Michigan Uniform Trade Secrets Act, the court concluded that it was not precluded from deciding whether plaintiff's claims were preempted simply because the status of the information as trade secrets was disputed); see also Ethypharm S.A. France v. Bentley Pharmaceuticals, Inc., 388 F. Supp. 2d 426, 433 (D. Del. 2005).

The GTSA preserves a single tort cause of action under state law for misappropriation and eliminates other state causes of action founded on allegations of trade secret misappropriation. O.C.G.A. § 10-1-767 (GTSA supersedes conflicting "tort, restitutionary, and other laws of this state providing civil remedies for misappropriation of a trade secret" and allows

"civil remedies that are not based upon misappropriation of a trade secret"). Therefore, the GTSA is the exclusive remedy for misappropriation of trade secrets, and plaintiff cannot plead an alternative theory of recovery should the information ultimately not qualify as trade secrets. <u>Automed Technologies, Inc. v. Eller</u>, 160 F. Supp. 2d 915, 921-22 (N.D. Ill. 2001) (plaintiff could not plead in the alternative and argue that these theories would apply if the court ultimately concluded that the information did not amount to trade secrets because the state's trade secrets act was the exclusive remedy).

The issue for the Court is whether plaintiff's common law claims are "clearly based upon a trade secret" and "are all based on the same facts that comprise the trade secret misappropriation claim." <u>Penalty Kick Management Ltd. v. Coca Cola Co.</u>, 318 F.3d 1284, 1297 n.13 & 1298 (11th Cir. 2003); <u>see</u> <u>Ethypharm S.A. France</u>, 388 F. Supp. 2d at 433 (because the purpose of Delware's Uniform Trade Secrets Act was to preserve a single tort cause of action under state law, the issue is whether the claims are founded on allegations of trade secret misappropriation). If so, then the GTSA will supersede plaintiff's common law claims.

6

Plaintiff contends that the loan files Spain took with him as well as the loan-in-process system contained confidential information related to the customers' loan applications such as financial information and information pertaining to the loans plaintiff had agreed to provide to each customer. Plaintiff alleges that Spain and Market Street used this confidential information to negotiate loans for these customers. Plaintiff states that information about its actual and potential customers contained in these loan files and the loan-in-process system constitute trade secrets under the GTSA.

Plaintiff's claims for conversion and civil theft are based on its right to possession of the loan files and defendants' intentional copying, taking, and misappropriating plaintiff's loan files. Although plaintiff seeks the return of the loan files, this tangible property has little value apart from the information contained therein. This is just another way of charging that defendants took plaintiff's confidential information, and therefore plaintiff's conversion and civil theft claims are preempted by the GTSA. Compare Bliss, 270 F. Supp. 2d at 950-51 (although plaintiff alleged wrongful retention and use of blueprints and drawings, focus of the claim was upon trade secrets) and Thomas & Betts Corp. v. Panduit Corp., 108 F. Supp. 2d 968, 973 (N.D. Ill. 2000) (actual computers, disks, and papers had little value apart from the

7

information therein and therefore allegations amounted to misappropriation of trade secrets) with Tronitec, Inc. v. Shealy, 249 Ga. App. 442, 447 (2001) overruled on other grounds by Williams General Corp. v. Stone, 279 Ga. 428 (2005), (conversion and theft of a personal computer not preempted by GTSA because computer was personal property and not a trade secret)

Plaintiff's claim for misappropriation of personal property is based on its property right, its protectable interest in its loan files, and its confidential information. Plaintiff's claims for unjust enrichment and quantum meruit are based on plaintiff rendering valuable services in the form of developing its loan files, underwriting the loans, and closing the loans with the expectation of being paid, and defendants misappropriating the benefits of plaintiff's services and being enriched by such services. These claims are predicated on defendants' taking and using plaintiff's confidential information and are all based on the same facts that comprise the trade secrets claims. Thus, because these claims are clearly based upon a trade secret, they are preempted by the GTSA. See Penalty Kick Management Ltd., 318 F.3d at 1297-98; Ethypharm S.A. France, 388 F. Supp. 2d at 433; Bliss, 270 F. Supp. 2d at 951; Automed Technologies, Inc., 160 F. Supp. 2d at 922.

AO 72A
(Rev.8/82)

Regarding plaintiff's claim for breach of contract against Spain, plaintiff alleges that Spain breached the non-disclosure covenant of his employment agreement by taking and disclosing plaintiff's loan files and the information therein.  Although a nondisclosure clause with no time limit is unenforceable as to information that is not a trade secret, the GTSA carves out an exception for written agreements that do not contain a time limit for maintaining the trade secret.  O.C.G.A. § 10-1-767(b)(1);[1] Wright v. Power Industry Consultants, Inc., 234 Ga. App. 833, 837-38 (1998), overruled on other grounds by Advance Tech. Consultants v. RoadTrac, LLC, 250 Ga. App. 317 (2001).  Therefore, the nondisclosure clause of plaintiff's agreement is not unenforceable per se to the extent that the information qualifies as a trade secret.  Accordingly, the Court is unable to dismiss this claim at this stage of the proceedings because plaintiff may be able to prove facts which would allow it to prevail on its breach of contract claim.

---

[1] This section of the GTSA provides: "This article shall not affect: (1) Contractual duties or remedies, whether or not based upon misappropriation of a trade secret; provided, however, that a contractual duty to maintain a trade secret or limit its use of a trade secret shall not be deemed void or unenforceable solely for lack of a durational or geographical limitation on the duty[.]"

9

Conclusion

For the foregoing reasons, the Court GRANTS defendant Market Street Mortgage Corporation's motion for partial judgment on the pleadings [#12] and GRANTS IN PART AND DENIES IN PART defendant Keith Spain's motion for partial judgment on the pleadings [#17]. The Court DISMISSES plaintiff's claims for conversion, misappropriation, unjust enrichment, quantum merit, and civil theft.

IT IS SO ORDERED, this _____ day of December, 2005.

_____
Marvin H. Shoob, Senior Judge
United States District Court
Northern District of Georgia

AO 72A
(Rev.8/82)